## PATERSON v. SCHENCK.

If there be a subscribing witness to an instrument, he must be produced, and sworn, unless his absence be legally accounted for; or unless the subscribing witness has become the husband or wife, or the executor or administrator of one of the parties; or the owner of the instrument; or otherwise interested in the event of the suit. Suit ought not to be brought before a Magistrate, who is the only subscribing witness to the instrument, for he cannot administer an oath to himself, and the rule requiring the examination of the subscribing witness will not be dispensed with.

This was a *certiorari* directed to a Justice of the Peace, to remove into this court, a judgment rendered in a court for the trial of small causes.

*S. R. Hamilton,* for plaintiff in *certiorari.*

By the Court. The action was brought on a promissory note, purporting to have been given by Paterson, the defendant below, and to which, the Justice before whom this action was brought, was a subscribing witness, and the only one. It appears by the transcript that one Peter Kline, was examined as a witness on the part of the plaintiff, and upon his testimony, the Justice gave judgment against the defendant.

It is a settled rule of law, that if there is a subscribing witness to an instrument, he must be produced and sworn, unless his absence is accounted for by some fact, which the law deems sufficient to excuse the non-production of the witness. *Hoagland* v. *Sebring,* 4 *South. R.* 105; *Williams* v. *Davis, Penn. R. Harr. ed.* 201; *Phil. evid.* 356 *and seq.* Or unless the subscribing witness, has become the husband or wife, or the executor or administrator of one of the parties; or the owner of the instrument; or otherwise interested in the event of the suit. *Godfrey* v. *Norris,* 1 *Str.* 34; *Goss* v. *Tracy,* 1 *Pr. Wms.* 287,9; *Swire* v. *Bell,* 5 *T. R; Phil. evid.* 362. It is suggested however, that inasmuch as the Justice could not administer an oath to himself, *Outcalt* v. *Ramkin,* 2 *Green's R.* 33; the case comes within the principle of those cases, in which the testimony of the subscribing witness is dispensed with. But this is a mistake. The subscribing witness in this case, was not *disqualified* by interest, or any other cause from being a witness. He was a lawful and competent witness.

But the plaintiff by his own folly had placed himself in such a situation that he could not avail himself of his testimony. If there had been no other court or Justice of the Peace before whom the plaintiff could have brought his action, it would have presented another question; but while our counties are so numerously supplied with courts for the trial of small causes, it will never do to permit a plaintiff to deprive his adversary of the evidence of a subscribing witness, by selecting that witness for his judge. The judgment must therefore be reversed.

*Judgment reversed.*